## GLENN v. FOOTE.

*(Circuit Court, D. New Jersey. August 3, 1888.)*

1. CORPORATIONS—STOCK—UNPAID INSTALLMENTS—LIABILITY OF ASSIGNEE—RELEASE OF ASSIGNOR.

Code Va. 1860, c. 57, § 24, relating to assignments of stock, provides that in any assignment the assignee and assignor shall each be liable for any unpaid installments which may have accrued or may thereafter accrue. Acts Va. 1883–84, p. 654, c. 472, authorizing compromises to be made by fiduciaries with debtors of the company, provides that the compromise made with any person claimed to be liable to the company shall not impair the liability to the company of any other person, on account of the cause of liability, but the amount so received shall be credited on the same, except, when the liability is joint it shall be credited with the full share of the party released. *Held,* that a release of the assignor of stock by the trustee of an insolvent corporation, on payment of a certain amount on account of unpaid installments, does not discharge the assignee, the liability not being joint.

2. SAME—LIMITATION OF ACTIONS—RUNNING OF THE STATUTE.

The right of the trustee to sue for unpaid subscriptions being dependent upon the making of an assessment, the statute of limitations did not begin to run until after the entry of a decree ordering an assessment, and an action brought within six years from that date is not barred.

At Law.

This is an action for the recovery of the amount of certain assessments on 195 shares of stock of the National Express & Transportation Company owned by the defendant. Trial by jury having been waived, the cause was heard by the court on the evidence. There was no material difference between the parties as to the facts. From the record proofs, the stipulated admissions of the counsel, and the uncontradicted statements contained in the brief of plaintiff's counsel, the court makes the following special findings:

(1) The National Express & Transportation Company was chartered by the legislature of Virginia on the 12th of December, 1865, with an authorized capital of $5,000,000, on which $2 per share was payable at the time of subscription, and the balance as called for by the president and directors of the company.

(2) The company was duly organized, and had been in operation, only a short time, when, from mismanagement or other causes, its failure became evident, and, in order to protect its creditors, it executed a general deed of assignment to trustees of all its assets, in trust for the payment of its debts. This deed was dated September 20, 1866.

(3) The trustees named in the deed having neglected to perform their duties, the creditors of the company, on the 28th day of November, 1871, commenced a suit in the chancery court of the city of Richmond, Va., against William Parot, president of said company, William Davies, and others, upon which a writ of subpoena was duly issued out of said court, and was returned as follows: "Executed on Joseph R. Anderson, November 25, 1871, by delivering him a true copy of the within *spa.* in Chan. The others not found. BENJ. T. AUGUST, D. S. For JOHN W. WRIGHT, S. C. R. Executed in the city of Richmond, said Anderson being a resident of said city." Further return: "Executed December 4, 1871, as to M. G. Harman, by leaving at his

residence in the city of Staunton, with a white member of his family, over 16 years of age, a copy of this *chy. spa.*, explained its purport, and requested that the same be handed to said M. G. Harman on his return, he being from home at the time. W. L. MAWRY, S. A. Co." But no process was then issued against the said the National Express & Transportation Company, and on the 4th day of December, A. D. 1871, the said creditors filed their bill in said suit, praying for process of subpœna directed to the said the National Express & Transportation Company, its officers and directors, and to the trustees named in the said deed of assignment. No further process was issued therein until the 4th day of August, A. D. 1879, when an amended and supplemental bill was filed, upon which process of subpœna was issued against the said company on the 5th day of August, 1879, and served on the 8th day of August, 1879, upon Joseph R. Anderson, director; and M. B. Poiteaux, cashier, of said company, residents of the said city of Richmond. In said suit, by order of the court, the amount of the debts due by the company to its creditors was determined, and on December 14, 1880, a decree was made removing the trustees named in the deed of assignment, appointing John Glenn, the plaintiff in this suit, as trustee in their place, and ordering an assessment of 30 per cent. upon the stockholders, their legal representatives or assigns. Prior to the failure of the company, 20 per cent. of the subscribed-for stock had been collected.

(4) On the 27th of June, 1884, the equity suit was transferred to the circuit court of Henrico county, Va., and that court, on March 26, 1886, made an additional assessment of 50 per cent. upon the capital stock, and the holders thereof.

(5) These decrees authorize the plaintiff, as trustee, to collect the amounts of the assessments by suit or otherwise; and it is upon these decrees, duly certified, that the present action has been instituted.

(6) Prior to the order making the assessment of 50 per cent. the plaintiff had been authorized, by a decree of the chancery court of the city of Richmond, made July 21, 1883, to compromise with the owners of stock on which 30 per cent. had been assessed, by accepting from them 25 per cent. of the original amount of their subscriptions, if paid within six months from the date of the said decree, with interest at 6 per cent. from 30 days of the said decree; and a large number of stockholders had taken advantage of the offered compromise, by paying their assessments according to the terms and conditions of the said compromise, and such stockholders were credited on the books of the company with the full amount of the 30 per cent. call on their stock. And it is admitted by a stipulation of the parties to this action that all the stockholders named in the fourth plea of the defendant were severally solvent and able to pay the 30 per cent. assessment on their said shares which they had subscribed for or held, with interest from August 21, 1883, and also with such costs as had been incurred by the plaintiff in the prosecution of such suits as he had brought against such stockholders, or any of them; and that by virtue and in pursuance of said decree of July 21, 1883, the plaintiff herein received from the persons named in the said fourth plea 25 per cent. of the amount of stock for which they subscribed for or held, with interest, from August 21, 1883, with the costs which had been incurred, as aforesaid. In consideration whereof, and in further pursuance of said decree, the plaintiff released, acquitted, and discharged each and every of the said stockholders from all further liability on account of the shares so held by them, and on which they had been liable for said assessment of 30 per cent.

(7) At the February term, 1884, of the circuit court of the United States for the Southern district of Ohio, Western division, the said John Glenn, trustee, obtained a judgment against Charles H. Kellogg, for the sum of $10,518.22, for the 30 per cent. assessed on 295 shares of the capital stock of the

said company, including the 195 shares owned by the said John T. Foote, the defendant herein, and which had been assigned to him by the said Kellogg. On August 22, 1884, proceedings in attachment were taken on this judgment in the Kenton county circuit court, in the state of Kentucky, by Glenn against Kellogg; and on January 31, 1885, Glenn recovered a judgment in the last-named court for $10,518.22, and interest thereon from 5th of February, 1884. These two judgments were afterwards satisfied on the payment by Kellogg of $6,581.25, and the following receipt was given to him:

"Received of Charles H. Kellogg the sum of six thousand five hundred and eighty-one and ($6,581.25) 25-100 dollars, being an assessment of thirty per cent. on the capital stock of the National Express & Transportation Company, with interest at the rate of three per cent., included from December 14, 1881, to date, (interest calculated only to February 14, 1885,) the assessment above being on one hundred and ninety-five (195) shares of said stock known as the 'John T. Foote stock;' no claim being made for the remaining three per cent. so due as the interest on said assessment; the assessment, without interest, being $5,850, except in case said Kellogg should recover against said Foote on account of this payment, in which event he is to pay the remaining three per cent., due from December 14, 1881, to February 14, 1885, and six per cent. on the amount then due to date of payment; said sum of $6,581.25 being received without prejudice to any rights against said Kellogg on any further assessment calls on said stock.

"JOHN GLENN, Trustee.

"By HOADLEY, JOHNSON & COLSTON, his Attorneys.

"*Cincinnati, February* 26, 1885."

On the 26th of February, 1885, a paper was filed in the circuit court of Henrico county, Va., by said Glenn, of which the following is a copy:

"The judgment and costs herein having been paid in full, the clerk is hereby requested to enter satisfaction of the same.

"J. C. BENTON, Atty. for Pltff.

"*Feby.* 26, 1885."

On the 27th of February, 1885, the following satisfaction piece was executed by the attorneys of record of the said John Glenn, trustee, plaintiff in the Ohio action:

"*John Glenn, Trustee,* vs. *Charles H. Kellogg.*   (3,570.)

("Circuit Court of the U. S., S. D. O., W. D.)

"Received of Charles H. Kellogg full satisfaction of the judgment and costs in the above case, and the clerk is hereby authorized to enter satisfaction of the same of record.

"HOADLEY, JOHNSON & COLSTON, Attys. for Plaintiff.

"*Feb.* 26, '85."

And said satisfaction piece was on or about the said 27th day of February, 1885, filed, by the attorneys of plaintiff, in the office of the United States circuit court, Southern district of Ohio, Western division.

(8) In April, 1886, John Glenn, trustee, brought a suit in the United States circuit court for the Southern district of Ohio, Western division, against Charles H. Kellogg, to receive the 50 per cent. assessment on the par value of 295 shares of the capital stock of the said company; this being the same 50 per cent. assessment referred to and set forth in the plaintiff's declaration. After issue had been joined, to-wit, on the 16th of October, 1886, the said suit, and all claims against the said Kellogg made by the said Glenn, as trustee, were settled by and between the parties, in accordance with the terms and in

pursuance of an order made in the circuit court of Henrico county, Va., October 4, 1886, which order was as follows:

"IN THE CIRCUIT COURT OF THE COUNTY OF HENRICO, OCT. 4, '86.
" *W. W. Glenn, Admr. & others*, against *The National Express and Transportation Company & others.*

"Upon reading the petition of John Glenn, trustee, in respect to compromising the claim of the defendant company against Charles H. Kellogg, as the holder of two hundred and ninety-five shares of stock this day filed, together with the statements of said John Glenn, trustee, and of Edward Colston, Esq., and the consent of a majority in value and number of the creditors of said company ascertained as prescribed by law, expressed in writing by Charles Marshall and John Howard, Esq., their counsel, it is ordered that, upon the payment to the said John Glenn, trustee, of the sum of twenty-two hundred and fifty dollars, and the court costs in the suit mentioned in said petition, the said John Glenn, trustee, be, and he is hereby, authorized to execute and deliver to said Charles H. Kellogg an acquittance and discharge of all claim of the said company against him for or on account of his connection with said two hundred and ninety-five shares of said stock; to have such effect as is prescribed by the Act of assembly of Virginia, approved March 17, 1884, being chapter 472 of the Acts of 1883–1884, page 654, authorizing certain compromises to be made by fiduciaries with the sanction of a court of equity."

Thereupon Kellogg paid to the plaintiff the sum of $2,250, and was given a receipt in full satisfaction of all claims against him on account of the 295 shares of stock; and afterwards, on the 20th of January, 1887, the following entry was made in the journal of the United States circuit court for the Southern district of Ohio: "No. 3,873. It appearing to the court that this cause has been settled by the parties thereto out of court, and that as part of said settlement the said defendant agreed to pay the costs of this case, it is now ordered that the said cause be, and the same is, dismissed, at the costs of said defendant."

(9) The 295 shares of stock on which the two assessments of 30 and 50 per cent. were made included the 195 shares which had been assigned by Kellogg to Foote.

(10) The Code of Virginia of 1860, and remaining unrepealed in 1866, (chapter 57, § 24,) provides that "no stock shall be assigned on the books, without the consent of the company, until all the money which has become payable thereon shall have been paid; and in any assignment the assignee and the assignor shall each be liable for any installment which may have accrued, or which may thereafter accrue, and may be proceeded against in the manner before provided."

(11) By the Virginia statute of 1884, under which the fiduciaries were authorized to make compromises with the debtors of the corporation, it was provided that "any compounding and compromise that may be made under this act, with any person claimed to be indebted or liable as aforesaid to such company, shall not in any manner impair the liability of any other person to the company, or its creditors, on account of the contract or other cause of liability; but the amount so received on such settlement shall be credited on the same, except when the contract or other liability is joint, in which case it shall be credited with the full share of the party released." The writ of summons in this case was served on the defendant, with a bill of particulars, on August 5, 1886.

*George Biddle* and *S. H. Grey*, for plaintiff.
*Alfred Mills* and *Barker Gummerle*, for defendant.

WALES, J., (*after stating the findings as above.*)  The questions arising on these facts are two: *First*, whether Kellogg and Foote were jointly liable to pay the assessments, and the plaintiff's release of Kellogg discharged the defendant.  *Second*, whether the causes of action declared on accrued within six years before the commencement of the action.

I am of the opinion that the liability of the defendant to pay the assessment was several, and not joint, and that the release did not discharge him; and that the defendant, being the owner of 195 shares of the stock, was liable, under the charter of the company, for the price of said shares, and for such assessments as should be made by competent authority for the payment of any percentage thereon; and that, as the right of the plaintiff to sue for the collection of unpaid subscriptions depended upon the making of an assessment, the causes of action declared on did not and could not accrue until after the making of the assessment of 30 per cent. by the decree of the chancery court of the city of Richmond, of December 14, 1880, and consequently that the present action, having been commenced within six years from that date, is not barred by the statute of limitations.

The plaintiff is therefore entitled to a judgment for the full amount claimed by him, which is made up as follows:

*J. T. Foote, Assignee, in acct. with John Glenn, Trustee W. E. & T. Co.*
1888.

| | | | | |
|---|---|---|---|---|
| Aug. 3. | To 30 per cent. on 195 shs. W. E. & T. Co. stock, as per call Dec. 14, 1880 ordered by chancery Ct., city of Richmond, - - - - - - | | | $ 5,850 00 |
| | To 7 years, 7 mos., 19 days' int., to Aug. 3, 1888, | | | 2,680 28 |
| | To 50 per cent. on 195 shs. W. E. & T. Co. stock, as per call of Mar. 26, '86 ordered by Cir. Ct. Henrico Co., Va., - - - - - - - | | | 9,750 00 |
| | To interest to Aug. 3, '88, 2 yr., 4 mos., 7 da., - | | | 1,376 38 |
| 1885. | | | | |
| Feb. 14. | By this amt. paid by Charles H. Kellogg, assignor, on acct. of 30 per cent. call, | | $6,581 25 | |
| | By int. from Feb. 14, '85, to Aug. 3, '88, 3 yr., 5 mos., 19 da., - - - | | 1,370 00 | |
| 1886. | | | | |
| October 18. | By 195–295 of $2,250, pd. under compromise decree of Oct. 4, '86, on 295 shares, - - - - | | 1,487 29 | |
| | By int. to Aug. 3. '88, from Oct. 18, '86, 1 yr., 9 mos., 15 days, - - | | 159 96 | |
| | By balance due trustee, - | | $10,058 16 | |
| | | | $19,656 66 | $19,656 66 |
| 1888. | | | | |
| Aug. 3. | Balance due trustee, | | | 10,058 16 |

It is ordered that judgment be entered for the plaintiff for the said sum of $10,058.16, with costs.